# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

| | |
|---|---|
| MARVIN NAIRNE, | Civil Action No. 17-3502 (SDW) |
| Petitioner, | |
| v. | Opinion |
| ORLANDO RODRIGUEZ, | |
| Respondent. | |

**WIGENTON**, District Judge:

Presently before the Court is the petition for a writ of habeas corpus of Petitioner, Marvin Nairne, filed pursuant to 28 U.S.C. § 2241. (ECF No. 1). Following an order to answer, the Government filed a response to the Petition (ECF No. 4), to which Petitioner has replied. (ECF No. 5). For the following reasons, this Court will grant the petition and will direct an Immigration Judge to conduct a bond hearing for Petitioner.

## I. BACKGROUND

Petitioner, Marvin Nairne, is a native and citizen of Jamaica who entered this country in September 2012 and became a lawful permanent resident on December 12, 2014. (Document 1 attached to ECF No. 4 at 2). On July 8, 2016, however, Petitioner was convicted of distribution of a controlled dangerous substance within 1000 feet of a school in violation of N.J. Stat. Ann. § 2C:35-7. (*Id.*). On October 12, 2016, Petitioner was taken into immigration custody pursuant to 8 U.S.C. § 1226(c) as he was determined to be removable based on his prior drug offense conviction. (*Id.*). Petitioner was thereafter placed into removal proceedings based on his prior conviction on October 20, 2016. (*Id.*).

Petitioner first appeared before the Immigration Judge hearing his removal case on November 7, 2016. (*Id.*). At that hearing, Petitioner requested and was granted a continuance so that he could acquire counsel. (*Id.*). On December 5, 2016, Petitioner again requested and was granted a continuance so he could continue to seek counsel. (*Id.* at 3). Petitioner then appeared, with counsel, on January 5, 2017. (*Id.*). At the January 5, 2017, hearing, Petitioner's counsel requested and was granted another continuance so that he could prepare for Petitioner's removal proceedings. (*Id.*). Petitioner next appeared with counsel on February 16, 2017. (*Id.*). At that hearing, Petitioner's counsel conceded that Petitioner was removable, but filed documents seeking relief from removal under the Convention Against Torture (CAT) on Petitioner's behalf.[1] (*Id.*). Petitioner then sought a continuance so that he could proceed with a post-conviction relief (PCR) petition in the state courts challenging his drug conviction, which was denied. (*Id.*). Petitioner thereafter appeared once again on April 18, 2017, at which point he asked the Immigration Judge to reconsider his motion for a continuance based on his PCR petition. (*Id.*). The Immigration Judge granted that request, and scheduled Petitioner's next hearing for June 13, 2017. On June 13, 2017, Petitioner, through counsel, again requested a continuance as his PCR petition remained pending. (*Id.*) The Immigration Judge granted that continuance and scheduled another hearing for July 19, 2017, and then rescheduled that hearing *sua sponte* to July 31, 2017. (*Id.* at 3-4). It is unclear what, if anything, happened at the July hearing.

---

[1] In his petition for relief under CAT, Petitioner essentially asserts that he and his family are members of a political party in Jamaica, the PNP, which has been in conflict with another of Jamaica's political parties, the JLP. (Document 2 attached to ECF No. 4). According to Petitioner, his father was killed by members of the JLP in 2003, and his mother was later attacked by members of the JLP in another part of Jamaica in 2005. (*Id.*). Petitioner asserts that, based on this history of political violence, if he is sent back to Jamaica he would likely be subject to further political violence. (*Id.* at 3).

## II. DISCUSSION

### A. Legal Standard

Under 28 U.S.C. § 2241(c), habeas relief may be extended to a prisoner only when he "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). A federal court has jurisdiction over such a petition if the petitioner is "in custody" and the custody is allegedly "in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3); *Maleng v. Cook*, 490 U.S. 488, 490 (1989). As Petitioner is currently detained within this Court's jurisdiction, by a custodian within the Court's jurisdiction, and asserts that his continued detention violates due process, this Court has jurisdiction over his claims. *Spencer v. Kemna*, 523 U.S. 1, 7 (1998); *Braden v. 30th Judicial Circuit Court*, 410 U.S. 484, 494-95, 500 (1973); *see also Zadvydas v. Davis*, 533 U.S. 678, 699 (2001).

### B. Analysis

In his habeas petition, Petitioner challenges his continued immigration detention under 8 U.S.C. § 1226(c). Because Petitioner is being held pursuant to § 1226(c), the propriety of his ongoing detention without an individualized bond hearing is governed by the Third Circuit's decisions in *Diop v. ICE/Homeland Sec.*, 656 F.3d 221, 231-35 (3d Cir. 2011), and *Chavez-Alvarez v. Warden York County Prison*, 783 F.3d 469 (3d Cir. 2015). In *Diop*, the Third Circuit held that § 1226(c) "authorizes detention for a reasonable amount of time, after which the authorities must make an individualized inquiry into whether detention is still necessary to fulfill the statute's purposes." 656 F.3d at 231. The determination of whether a given period of detention is reasonable is a fact specific inquiry "requiring an assessment of all of the circumstances of a given case" *Id.* at 234. Reasonableness in this context is "a function of whether [continued detention without

bond] is necessary to fulfill the purpose of the statute," specifically protecting the public and ensuring that the petitioner attends his removal proceedings. *Id.* While the *Diop* court declined to adopt a bright line rule for determining reasonableness based solely on the passage of time, *see* 656 F.3d at 234; *see also Carter v. Aviles*, No. 13-3607, 2014 WL 348257, at *3 (D.N.J. Jan. 30, 2014), the Third Circuit did provide guidance on that point in *Chavez-Alvarez*. Specifically, the Third Circuit in *Chavez-Alvarez* held that, at least where the Government fails to show bad faith on the part of the petitioner, "beginning sometime after the six-month timeframe [upheld by the Supreme Court in *Demore v. Kim*, 538 U.S. 510, 532-33 (2003),] and certainly by the time [the petitioner] had been detained for one year, the burdens to [the petitioner's] liberties [will outweigh] any justification for using presumptions to detain him without bond to further the goals of the statute." 783 F.3d at 478.

In this matter, the Government argues that Petitioner's continued detention without a bond hearing is reasonable because Petitioner's case is distinguishable from *Chavez-Alvarez* in two respects: first, Petitioner is responsible for the vast majority of the delays in his immigration proceedings and has thus lengthened his own detention, and second because Petitioner has only one available avenue of relief, his CAT claim, which the Government believes is unlikely to succeed. As this Court has explained,

> [t]urning first to the issue of Petitioner's responsibility for some of the delay in his case, the Third Circuit specifically held in *Chavez-Alvarez* that the reasonableness of a given period of detention does not rely solely on how the Government has conducted itself, and observed that the "primary point of reference for justifying [an] alien's confinement must be whether the civil detention is necessary to achieve the statute's goals: ensuring participation in the removal process and protecting the community from the danger [the alien] poses." 783 F.3d at 475. Thus, detention can become unreasonable, and a petitioner can be entitled to a bond hearing, even where the Government itself acted reasonably and is not responsible for the delays in the conclusion of an alien's immigration proceedings. *Id.*

> While the Third Circuit did observe that "certain cases might be distinguishable [from *Chavez-Alvarez* where the alien is] merely gaming the system to delay their removal," and that the aliens in such cases "should not be rewarded a bond hearing they would not otherwise get under the statute," *Id.* at 476, the *Chavez-Alvarez* panel also observed that courts need not "decide whether an alien's delay tactics should preclude a bond hearing" where the court could not conclude that the alien acted in bad faith. *Id.*
>
> Determining whether an alien has acted in bad faith is not a matter of "counting wins and losses," but is instead a fact specific inquiry requiring consideration of whether the alien has presented "real issues" to the immigration court by raising factual disputes, challenging poor legal reasoning, raising contested legal theories, or presenting new legal issues. *Id.* "Where questions are legitimately raised, the wisdom of [the Third Circuit's] ruling in *Leslie* [*v. Att'y Gen. of the United States*, 678 F.3d 265, 271 (3d Cir. 2012),] is plainly relevant [and the court] cannot 'effectively punish' these aliens for choosing to exercise their legal right to challenge the Government's case against them by rendering 'the corresponding increase in time of detention . . . reasonable.'" *Id.* Thus, the conduct of the parties in a vacuum does not per se determine reasonableness, and the Court must weigh all available relevant information in determining whether the reasonableness "tipping point" has been reached.

*Rodriguez v. Green*, No. 16-4431, 2016 WL 7175597, at *2-3 (D.N.J. Dec. 7, 2016). "Given the standards provided in *Chavez-Alvarez*, this Court has concluded in other cases that a petitioner will normally be entitled to a bond hearing where he has been detained for nearly a year while pursuing claims that were capable of providing some relief, however limited, and no bad faith or dilatory motive has been shown." *Madera v. Green*, No. 16-5055, 2016 WL 7424487, at *3 (D.N.J. Dec. 23, 2016) (citing *Rodriguez*, 2016 WL 7175597 at *3).

In this matter, Petitioner has been held without a bond hearing and without a final order of removal for approximately a year. While Petitioner has largely been responsible for the continuances in his immigration proceedings, it appears from the information provided by the Government that Petitioner has been pursuing a bona fide CAT claim based on his family's history

of being subject to political violence. While that claim may be unlikely to succeed and may provide only limited forms of relief for Petitioner, this Court does not find that Petitioner has acted in bad faith in pursuing his challenges to his removal proceedings. The question, then, for the purposes of determining Petitioner's entitlement to a bond hearing is whether Petitioner has acted with a dilatory motive. *Madera,* 2016 WL 7424487 at *3.

As to the early delays in Petitioner's case, this Court perceives no dilatory motive in Petitioner's requests for continuances so that he could acquire counsel and counsel could thereafter prepare applications for relief which Petitioner apparently filed in February 2017. The Government argues, however, that Petitioner's subsequent requests for continuances, all of which were based on Petitioner's pending challenge to his underlying conviction in the state courts, have done nothing but delay Petitioner's immigration proceedings without cause. The Third Circuit has held that a conviction underlying removal proceedings is sufficiently final for immigration purposes where direct review, or the time for seeking such review, has expired. *Paredes v. Att'y Gen.*, 528 F.3d 196, 198 (3d Cir. 2008). That a Petitioner files a collateral attack against an underlying conviction is immaterial and has no relevance to his removal proceedings "until the convictions are overturned as a result of the collateral motions." *Id.* at 198-99. While an Immigration Judge is therefore free to deny continuance requests based on outstanding collateral attacks on underlying convictions, *see e.g., Guevara v. Holder*, 533 F. App'x 23, 25 (2d Cir. 2013), it does not follow that Petitioner's actions were dilatory merely because he convinced the Immigration Judge in his case to grant him a continuance on that basis. Ultimately, this Court does not conclude that it is clear that Petitioner has sought continuances merely to game the system so that he might receive a bond hearing to which he is not otherwise entitled, and it therefore does

not appear that Petitioner's motive in seeking his continuances has been dilatory rather than Petitioner merely seeking whatever limited forms of relief are available to him.

Because the Government has failed to establish bad faith or a dilatory motive on the part of Petitioner, and because Petitioner has been held for a year without a bond hearing, this Court concludes that this matter is not meaningfully distinguishable from *Rodriguez*, *Madera*, or *Chavez-Alvarez*. As such, this Court finds that Petitioner's immigration detention "has reached the tipping point wherein it is no longer reasonable under the statute to continue his detention absent a particularized determination as to his danger to the community and potential flight risk." *Madera*, 2016 WL 7175597 at *3. This Court will therefore grant this petition and direct the immigration Court to provide Petitioner with a bond hearing in accordance with *Chavez-Alvarez*. 783 F.3d 477-78.

## III. CONCLUSION

For the reasons expressed above, this Court will grant Petitioner's petition for a writ of habeas corpus (ECF No. 1), and will direct an Immigration Judge to provide Petitioner with a bond hearing. An appropriate order follows.

Dated: October 11, 2017                *s/ Susan D. Wigenton*
                                                  Hon. Susan D. Wigenton,
                                                  United States District Judge